# Giordano v. Redevelopment Authority

Before Brominski, *P. J.,* Bigelow, Hourigan, Olszewski, Podcasy and Dalessandro, *JJ.*

*Gifford S. Cappellini,* for plaintiffs.
*Hugh F. Mundy,* for defendant.

Olszewski, *J.,* May 8, 1975 — The Redevelopment Authority of the City of Wilkes-Barre ("Authority") condemned the property of Frank Giordano and Catherine Giordano, his wife ("Giordano"), at 10 North Main Street, Wilkes-Barre, Pa. After trial, the jury returned a verdict in the sum of $85,000 for the land and building and $10,000 business dislocation damages.

Timely motions for judgment n.o.v. and a new trial were filed on behalf of the authority. At argument, the motion for judgment n.o.v. was withdrawn.

In support of the motion for new trial, authority assigns the following reasons:

"1. The verdict as to special damages for business dislocation is against the evidence.

"2. The verdict as to special damages for business dislocation is against the weight of the evidence.

"3. The verdict as to special damages for business dislocation is against the law.

"4. The learned Trial Judge erred in denying Defendant's Motions for Binding Instructions and Points for Charge as to special damages for business dislocation.

"5. The learned Trial Judge erred in denying Defendant's Points for Charge as to special dam-

ages for dislocation, more specifically, Defendant's Points for Charge Nos. 7, 8, 9, and 10.

"6. Under all the circumstances here presented, the interest of justice requires the grant of a new trial."

The entire thrust of defendant-authority's motion in support of a new trial is limited to the question dealing with the business dislocation damages in the sum of $10,000 which the jury awarded to the Giordanos.

The premises at 10 North Main Street, Wilkes-Barre City, consisted of a four-story building. The first floor was rented to a record shop; the owners lived in a second-floor apartment; the third- and fourth-floor apartments were rented to other tenants.

When the owners became aware of the imminent condemnation by the authority, an attempt was made by them to find another comparable property in which to relocate. Mr. Giordano testified that he was unable to find another comparable building in which to relocate his business. Mr. Giordano testified that his income from the rentals of the property contributed materially to the income of both him and his wife. He testified that his income was about $3,000 to $3,500 annually. The property in question was considered to be used as a business conducted primarily for lease or rental. Mr. Giordano did not have any other rental-business type properties.

Mr. Philip Fitelson, an expert realtor called on behalf of Giordano, testified that he attempted to find a relocation building for Giordano but was unable to find a comparable building for relocation of plaintiffs.

The issue presented by the authority's motion for

new trial is whether or not Giordano was entitled to business dislocation damages in excess of $3,500: Eminent Domain Code of June 22, 1964, Spec. Sess., P. L. 84, art. VI-A, sec. 601-A, added December 29, 1971, P. L. 640 (No. 169), sec. 8, 26 P.S. §1-601A, states:

". . . (b) . . . (3) In addition to damages under clauses (1) or (2) of this subsection, damages of not more than ten thousand dollars ($10,000) nor less than twenty-five hundred dollars ($2,500), in an amount equal to either (i) forty times the actual monthly rental, in the case of a tenant, or forty times the fair monthly rental value, in the case of owner-occupancy; or (ii) the average annual net earnings, whichever is greater. For the purposes of this subsection, the term 'average annual net earnings' means one-half of any net earnings of the business or farm operation before Federal, State, and local income taxes, during the two taxable years immediately preceding the taxable year in which such business or farm operation moves from the real property acquired for such project, and includes any compensation paid by the business or farm operation to the owner, his spouse, or his dependents during such period. The regulations promulgated under section 604—A may designate another period determined to be more equitable for establishing average annual net earnings, provided the designation of such period does not produce a lesser payment than would use of the last two taxable years. In the case of a business, payment shall be made under this subsection only if the business (i) cannot be relocated without a substantial loss of its existing patronage, and (ii) is not a part of a commercial enterprise having at least one other establishment not being acquired

by the acquiring agency, which is engaged in the same or similar business."

" 'Business' means any lawful activity, excepting a farm operation, conducted primarily: (i) for the . . . lease or rental of . . . real property . . ." 26 P.S. §1—201(7). It is clear that the lease or rental of real property is a business within the contemplation of the Eminent Domain Code.

In this case, the testimony indicated that the Giordanos were the owners of a rental property and that they received a net return of about $3,500 annually. In addition, the testimony by the Giordanos' expert realtor indicated that he was unable to find a comparable rental building for relocation from the condemned premises.

The court charged the jury that they would have to consider whether or not the Giordanos incurred any business dislocation damages. This charge was based on section 601A(b)(3).

Now the authority argues that the Attorney General promulgated certain regulations on uniform relocation assistance. More specifically, the authority refers to the Attorney General's Regulation §103.4(4)(d):

"In the case of a business conducted primarily for the lease or rental of real property, payment under Code subsection (b)(3) shall be limited to the average annual net earnings (subparagraph (ii))."

It is argued that this regulation would, therefore, limit the Giordanos' recovery for business dislocation to $3,500. Nealon v. Scranton Redevelopment Authority, 74 Lack. Jur. 37 (1973), is a remarkably similar case in which the court held that the regulation did not control.

In the case at bar, the court submitted the eligibility for business dislocation damages to the jury.

The court's instructions were given strictly in accordance with section 601A(b)(3) of the Eminent Domain Code. The Attorney General's regulation appears to be in conflict with the Eminent Domain Code and, therefore, we are constrained to reject the authority's argument.

Accordingly, we enter the following.

### ORDER

It is ordered, adjudged and decreed that the motion for new trial is hereby denied.